# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUGENE JEROME CUNNINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-1125 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner states that, in 1973, he was convicted in this Court on "two counts of felony first -degree murder," and he is serving an aggregate sentence of 40 years to life in prison. Pet. at 3. According to Petitioner, the statute under which he was sentenced has been repealed, and under the current statute he is entitled "to a mandatory minimum expiration date of 9/20/2013 and the provision of supervised release mandated under [D.C. Code § ] 24-403.01(b)." *Id.* Petitioner apparently asks the Court to vacate his sentence and impose another under the current statute. *See id.* at 4. The Court construes the petition as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, and it is not the first § 2255 motion petitioner has filed.

Before petitioner may file a second or successive motion under § 2255, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In relevant part, § 2255 provides:

> A second or successive motion must be certified as provided in [§]
> 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).[1]

The District of Columbia Circuit construed a prior petition for a writ of habeas corpus, *see* Petition, *Cunningham v. Dist. of Columbia*, No. 09-1623 (D.D.C. filed Aug. 26, 2009), as a second or successive motion under 28 U.S.C. § 2255 and denied permission to file it, Order, *Cunningham v. Dist. of Columbia*, No. 09-7101 (D.C. Cir. Apr. 8, 2010). Because petitioner has not sought certification from the District of Columbia Circuit and an order authorizing the District Court to consider his motion, the petition will be dismissed. An Order accompanies this Memorandum Opinion.

ROSEMARY M. COLLYER
United States District Judge

DATE: 22 July 2010

---

[1]     If this were petitioner's first collateral attack on his conviction or sentence, the Court could not recharacterize his motion as one filed under § 2255 without warning him "that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing] . . . an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 381 (2003).